UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                     :

DERVEN SMITH and SYDONIE SMITH,    :

                               Plaintiffs,    :

                                         :        04 Civ. 2866 (GEL)
                        -v.-                  :
                                         :        **OPINION AND ORDER**

CROWN LIFT TRUCKS,                 :

                               Defendant.    :

------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      In this personal injury action, plaintiffs charge that defendant was negligent in repairing a forklift owned by plaintiff Derven Smith's employer, and that plaintiff was injured as a result. At the conclusion of discovery, defendant moved for summary judgment, and the motion was referred to the Honorable Douglas F. Eaton, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Judge Eaton filed his R&R on June 14, 2005, recommending that the motion be denied. Defendant timely filed objections, which have been duly considered by the Court. Based on this Court's independent review of the record, the R&R, and defendant's objections, Judge Eaton's recommendation will be accepted, and the motion for summary judgment denied.

      Plaintiff claims that he was injured as a result of improperly maintained brakes on defendant's forklift. The basic issue raised by the motion is whether plaintiff properly operated the forklift brake; if he failed to apply the brake, then his injury cannot be the result of any defect in the equipment. (See R&R 4.) Plaintiff's deposition testimony, if taken literally, indicates that he did not properly apply the brake. It is undisputed that the proper way to apply the brake on

the forklift is to raise one's *left* foot from the brake pedal, but plaintiff testified at his deposition (rather insistently, in fact) that he applied the brake by lifting his *right* foot. The right foot operates the "power-on" mechanism of the lift, and it is undisputed that lifting one's foot from the right pedal does not engage the brake. (R&R 1-2, 5.) In opposition to the summary judgment motion, plaintiff submitted an affidavit indicating that he was confused at the deposition and that he meant to say that he raised his left foot. (R&R 6.) Though recognizing the well-established rule that a party may not create a genuine issue of fact to defeat summary judgment by offering an affidavit contradicting his own prior testimony (see R&R 6, and cases there cited), Judge Eaton ruled that this case fell within an exception to the rule that applies where the testimony contradicted by the affidavit is also contradicted by other evidence in the record. (R&R 7-9.) Defendant's objections, though broken down into numerous subheadings, essentially all object to Judge Eaton's conclusion that plaintiff's affidavit should be considered because other record evidence supports his revised account of the accident.

Judge Eaton's analysis is correct. If plaintiff had testified clearly and definitely that when he attempted to operate the brake, he was standing in a normal stance, with one foot on each of the two pedals that compose the floor of the forklift cab, and that he attempted to operate the brake by raising his right foot while leaving his left foot down, such testimony would defeat his claim by demonstrating that he had failed to apply the brake properly, and he would not be allowed to revoke that testimony later.[1] If plaintiff confused the left and right pedals while

---

[1] To put the matter in a light more easily understood by those unfamiliar with forklifts, this would be tantamount to testimony by the driver of an automobile with an automatic transmission that he attempted to stop the car by jamming his right foot, as hard as he could, on the rightmost of the car's foot pedals, while being extremely careful to keep his left foot on the floor and not to engage the leftward pedal with either foot; by such testimony, the driver would

2

driving the forklift (rather than merely confusing them in describing the accident at his deposition), the accident was his fault, because he never correctly applied the brake.

But plaintiff's testimony at his deposition is confused and contradictory. The first relevant question was, "When you lifted your foot *off the brake pedal*, did the lift truck slow down . . . ?" Plaintiff replied, "It slowed down, but it didn't stop." (Tr. 55; emphasis added.) Plaintiff's answer thus adopts the questioner's premise, that he did indeed lift his foot from the brake pedal.[2] In response to the next question, "When you took your left foot off the pedal, what, if anything, did you hear?", plaintiff interjected, "My left foot wasn't on the pedal, sir." In response to follow-up questions, plaintiff repeatedly answered that he was using his right foot "to operate the brake pedal," and that before he applied the brake, his right foot "was on the brake pedal." (Tr. 55-56.) He also insisted, on the other hand (or foot), that "My right foot wasn't on the pedal" (Tr. 55), although this could be interpreted as a statement that he removed his foot from the pedal in an effort to apply the brake and stop the vehicle.

Thus, while plaintiff was clear that he used his *right* foot, he was also clear that he used his right foot on the *brake* pedal. As defendant points out, this would be a virtual impossibility – unlike a car's pedals, the pedals in question here compose the entire floor of the vehicle cab, and to operate the brake pedal with the right foot would require a bizarre cross-legged stance. However, a fact-finder hearing this testimony would not be required resolve the contradiction, as defendant would have it do, by concluding that plaintiff was correct that he used his *right* foot,

---

make clear that he stepped on the gas, not the brake.

   [2] Judge Eaton incorrectly quotes this first question as "When you lifted your *left* foot off the brake pedal . . ." (R&R 5; compare Tr. 55.) The R&R does not rely on this misquotation in any way, however, nor does this Court's analysis.

3

and therefore incorrect that he applied it to the *brake* pedal; it could also conclude that he correctly testified that he used the *brake* pedal, but erred in referring to his *right* foot. Reversals of left and right, as any mildly dyslexic person knows, are not uncommon in human experience. If plaintiff engaged in such a reversal in a moment of confusion at the time of the accident, the accident resulted from his error, and defendant could not be responsible for his injuries. But if he reversed his directions in his testimony, months after the accident, as he now swears he did, his testimony would support his theory of the case.

As Judge Eaton points out, this is not a case in which the only evidence to support plaintiff's theory of the accident is dubious testimony that he stepped on the brake and it didn't work; there is strong evidence that the brakes on the forklift *were* defective. Nor was plaintiff a novice user of the forklift; although he had received no formal training, he had used the machine for nearly half of every workday for 18 months. Surely he had many occasions during those many months to apply the brakes to stop the vehicle. Such evidence certainly does not preclude the possibility that plaintiff panicked and used the wrong foot when confronted with a surprising need to stop. But it does make it extremely unlikely that plaintiff *consciously believed*, at the time of the accident or at the time of his testimony, that the way to apply the brakes was to use the right-side pedal. A jury would be free to conclude that his panicked mistake at the time of the accident replicated itself, in a kind of Freudian slip, at the time of his deposition. A jury would also be free to conclude that plaintiff was lying about his prior experience, that he used the right-side pedal because he mistakenly thought that was how the machine worked, and that he testified accurately and in earnest that he used the wrong pedal. But a fact-finder could also conclude that he attempted to operate the brake correctly, and that, as Judge Eaton described the

4

possibility, "between the January 25, 2004 accident and his October 26, 2004 deposition [a period during which he did not use the forklift again], he mentally reversed the layout of the two pedals, an error he did not correct until after he read [defendant's] summary judgment papers." (R&R 8.)[3]

What happened at the time of the accident, in short, is a question of fact for a jury to unravel. Presumably plaintiff will testify at trial according to his affidavit, and will be impeached with his prior inconsistent statement. The jury will decide how his contradictory testimony is to be interpreted, and what version of events is more consistent with the truth. Accordingly, defendant's objections are overruled, Judge Eaton's recommendation is accepted, and the motion for summary judgment is denied.

Dated: New York, New York
December 20, 2005

_____
GERARD E. LYNCH
United States District Court Judge

---

[3] Defendant points to a number of facts (including the fact that it was plaintiff's right foot that was seriously injured in the accident, and that some questions and answers at plaintiff's deposition directly linked the injured foot to the one with which plaintiff attempted to operate the brake, see Tr. 90) that tend to contradict plaintiff's theory that he merely misspoke or misremembered. Such arguments may well prove persuasive to a fact-finder, and may further undercut the credibility of plaintiff's explanation for his contradictory versions of events. Such judgments of credibility are not to be resolved on summary judgment, however unlikely a judgment for the plaintiff may appear.

5